**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-20053-CR-ALTMAN**

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

**TAVARES MCCRAY**,

      Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on [ECF No. 32] the Defendant's Response to [ECF No. 31] the Government's Notice of Expert Testimony. By its Notice, the Government seeks to introduce the expert testimony of two witnesses: (1) Caroline Milanes, a lab criminalist who tested the suspected narcotics in this case and concluded that they were, in fact, controlled substances; and (2) DEA Special Agent Shaun Perry, who would testify about

> the techniques and practices used by narcotics traffickers like the Defendant. Specifically, he is expected to testify about the practices that traffickers employ when distributing narcotics, the manner in which drugs are packaged for trafficking, the cash nature of the business, and the areas where drug dealers keep their "stash." Special Agent Perry is also expected to testify about the drugs seized in this case, particularly about the packaging and quantity of the narcotics that were seized, and to opine that the manner in which the narcotics are packaged is consistent with the distribution of narcotics. Additionally, Special Agent Perry is also expected to testify about the street value of the narcotics seized in this case. Finally, he is expected to testify as to why narcotics traffickers carry firearms, and as to the types of firearms that they prefer. He is expected to opine that the Defendant's firearm is of the type preferred by narcotics traffickers because it is small, compact, and easily concealed.

[ECF No. 31, 2-3].

The Defendant does not object to the testimony of Ms. Milanes, and so that testimony will be permitted. But the Defendant does object to the testimony of Special Agent Perry on the dual grounds that (1) it does not satisfy the strictures of Fed. R. Evid. 702, and (2) it would be substantially more prejudicial than probative under Fed. R. Evid. 403. With one minor exception, the Court agrees with the Defendant. Accordingly, the Defendant's objection to Special Agent Perry's testimony is **SUSTAINED in part and OVERRULED in part**.

## DISCUSSION

"The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, as well as the Supreme Court's holding in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1992), which collectively require that expert testimony be both reliable and relevant." *United States v. Garcon*, 349 Fed. Appx. 377, 380 (11th Cir. Fla. 2009). Rule702 provides that

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

For the most part, Special Agent Perry's proposed testimony fails to satisfy the first prong of Rule 702's test. Jurors do not need an expert to tell them how drug dealers package or stash their drugs; they do not need an expert to teach them that drug dealers go to great lengths to hide their drugs; and they certainly do not need an expert to inform them that drug dealers often use guns, including handguns, to protect themselves and their stash. These aspects of Special Agent Perry's proposed testimony do no more than address obvious, everyday realities that, using their

common sense, most jurors would readily and intuitively understand. Accordingly, as to these aspects of Special Agent Perry's proposed testimony, the Defendant's objection is **SUSTAINED**.

In one respect, however, Special Agent Perry's proposed testimony would touch upon "specialized knowledge" that would "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Specifically, Special Agent Perry's testimony regarding the street value of cocaine—as well as his opinion that the cocaine found in the Defendant's residence was packaged in small quantities so as to maximize its resale value—is the kind of knowledge that the average juror may not, at first glance, possess. *See United States v. Brown*, 299 F.3d 1252 (11th Cir. 2002) (holding that a DEA agent may testify as an expert about the cost of drugs). Even if the United States proves that the Defendant knowingly possessed the cocaine, it will still have to show that he intended to distribute it. *See* Eleventh Circuit Pattern Jury Instructions, Offense Instruction O103 (2016). And, as to this element, Special Agent Perry's proffered testimony about the significant market value of the cocaine in the Defendant's possession—coupled with an explanation of how much more valuable a brick of cocaine becomes as it is broken up into ever smaller baggies for distribution—would be both extremely helpful to a layperson and highly probative of the Defendant's intentions. *See generally United States v. Butler*, 102 F.3d 1191 (11th Cir. 1997) (holding that an experienced narcotics officer may testify as an expert about the significance of methods unique to the drug distribution business). As to these limited issues, then, the Defendant's objection is **OVERRULED**.

## CONCLUSION

Accordingly, assuming that the Government can lay the proper foundation for Special Agent Perry's testimony under Fed. R. Evid. 702, the Court will permit Special Agent Perry to testify about the value of the cocaine found in the Defendant's residence and to explain why, in

his opinion, the amount and packaging of that cocaine were consistent, not with personal use, but with distribution. Otherwise, Special Agent Perry's testimony is excluded.[1]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of May, 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

---

[1] As the Court made clear at oral argument, if the Defendant were to stipulate that the amount of cocaine found in his residence was consistent with distribution rather than personal use, the Court would exclude Special Agent Perry's testimony in its entirety.