UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20053-CR-ALTMAN

UNITED STATES OF AMERICA,

     Plaintiff,

v.

TAVARES MCCRAY,

     Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on [ECF No. 25] the Defendant's Objections to [ECF No. 23] the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b). By its Notice, the Government seeks to introduce two of the Defendant's prior convictions for drug trafficking, as well as testimony from live witnesses concerning each conviction. Having heard oral argument, read the parties' briefs, and reviewed the applicable law, the Court hereby **ORDERS** and **ADJUDGES** that the Defendant's Objections are **SUSTAINED in part and OVERRULED in part**.

## THE FACTS

The Indictment charges the Defendant with four violations of federal law: 1) possession with intent to distribute a controlled substance within 1,000 feet of a school; 2) maintenance of a drug-involved premises within 1,000 feet of a school; 3) possession of a firearm and ammunition by a convicted felon; and 4) possession of a firearm in furtherance of a drug trafficking crime. [ECF No. 1].

On June 12, 2018, following an investigation by the Miami-Dade Police Department ("MDPD") into possible street-level sales of narcotics at the Defendant's residence, Detective

Brandon Ashe executed an Affidavit in Support of a Search Warrant for the Defendant's home ("Affidavit"). That same day, Judge John Schlesinger of the Eleventh Judicial Circuit of Florida reviewed and signed the Search Warrant ("Warrant") [ECF No. 27-1]. The following day, June 13, 2018, officers of the MDPD executed the Warrant and found, in the home, thirteen baggies containing 169.1 grams of cocaine hidden inside of a PVC pipe; six baggies totaling 33.6 grams of crack cocaine concealed inside the false bottom of a paint can; a loaded handgun in a woman's purse that was hanging in a bedroom closet; and other drug paraphernalia, including a digital scale and glass beakers. The officers also recovered $2,424 in cash from the Defendant's pockets. The currency was found in smaller denominations, which the United States suggests is "consistent with the sale of narcotics." [ECF No. 27, at 2]. Defense counsel has made clear, both in his papers and in his arguments to the Court, that he plans to raise a "mere presence" defense.

### THE PRIOR CONVICTIONS

The two convictions the United States intends to introduce are:

(1) A conviction in Miami-Dade Circuit Court Case No. F08-29880B for trafficking in 28 grams or more/less than 150 kilograms of cocaine, in violation of Fl. Stat. § 893.135(1)(B)1 (the "2010 Conviction"); and

(2) A conviction in Miami-Dade Circuit Court Case No. F12-3392C for trafficking in 400 grams or more/less than 150 kilograms of cocaine, in violation of Fl. Stat. § 893.135(1)(b)1c, and conspiracy to traffic in cocaine, in violation of Fl. Stat. §§ 893.135(5) and 777.04(3) (the "2013 Conviction").

The 2010 conviction stemmed from a series of controlled purchases of marijuana which an undercover agent and a confidential informant separately conducted with the Defendant at his residence. A subsequent search of the home resulted in the recovery of larger quantities of both

marijuana and cocaine. In his Objections, the Defendant argues that the evidence of cocaine trafficking in the 2010 case was actually suppressed, and that the resulting conviction was, therefore, not for trafficking cocaine, but marijuana. After researching the question, the United States conceded at oral argument that the Judgment for the 2010 conviction does appear to contain a clerical error in that the conviction was, in fact, only for selling marijuana—and not cocaine.

In the 2013 case, the Defendant and a co-defendant attempted to purchase one kilogram of cocaine from what turned out to be a confidential informant at a Pep Boys in North Miami Beach. Once the transaction was completed, the Defendant was taken into custody and charged with trafficking 1,015 grams of cocaine.

## THE LAW

"Evidence of a crime, wrong, or other act may not be admitted to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). "This evidence may be admissible for another purpose," however, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. Notably, the Eleventh Circuit has said that Rule 404(b) is a rule of "inclusion which allows [extrinsic] evidence unless it tends to prove only criminal propensity." *See United States v. Stephens*, 365 F.3d 967, 975 (11th Cir. 2004) (quoting *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989)).

The Eleventh Circuit has set out a three-part test for district courts to follow in adjudging the admissibility of 404(b) evidence: (1) "the evidence must be relevant to an issue other than defendant's character"; (2) "the government must offer sufficient proof so that the jury could find that defendant committed the act"; and (3) the probative value of the evidence must not be substantially outweighed by the risk of unfair prejudice. *United States v. Ellisor*, 522 F.3d 1255,

1267 (11th Cir. 2008); *United States v. Barrington*, 648 F.3d 1178, 1186 (11th Cir. 2011); *United States v. McNair*, 605 F.3d 1152, 1203 (11th Cir. 2010); *United States v. Pessefall*, 26 F.3d 511 (11th Cir. 1994).

### 1. Relevance to an Issue Other than Character

The Defendant is charged with knowingly possessing cocaine and cocaine base with the intent to distribute, and with knowingly maintaining a drug-involved premises. *See* 21 U.S.C. § 841(a)(1) and 856(a)(1). The Defendant has pled not guilty to all of the charges in the Indictment—thereby imposing on the Government the substantial burden of proving both that he knowingly possessed the drugs and that he intended to distribute them. *See, e.g.*, *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998) ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue."); *United States v. James*, 147 F. App'x 76, 80 (11th Cir. 2005) ("By entering a plea of not guilty to the drug trafficking and firearm possession charges, [the defendant] forced the government to prove the elements of the charged offenses, which included that he had the requisite intent.").

Generally speaking, "where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003) (quotations and citations omitted). Accordingly, the Eleventh Circuit has repeatedly held that prior convictions for distributing controlled substances are admissible under Fed. R. Evid. 404(b) in a subsequent prosecution for drug trafficking because the prior offenses are probative of the defendant's knowledge and intent. *See, e.g.*, *United States v. Edouard*, 485

F3d 1324, 1344-45 (11th Cir. 2007); *United States v. Dickerson*, 248 F.3d 1036 (11th Cir. 2001); *United States v. Green*, 40 F.3d 1167, 1174 (11th Cir. 1994) ("The challenged act involved the same mental state as the charged crime because both incidents involved possession of the same illicit drug, cocaine[.]"); *United States v. Johnson*, 348 F. App'x 468, 469 (11th Cir. 2009); *Zapata*, 139 F.3d at 1358; *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997); *United States v. Cardenas*, 895 F.2d 1338 (11th Cir. 1990). This is particularly true where, as here, the defense to the charged crimes is "mere presence." *See, e.g.*, *United States v. Delgado*, 56 F.3d 1357 (11th Cir. 1995); *United States v. Hogan*, 986 F.2d 1364 (11th Cir. 1993); *United States v. Dorsey*, 819 F.2d 1055 (11th Cir. 1987).

Indeed, the Eleventh Circuit has gone further—repeatedly affirming the district court's admission of prior drug *possession* evidence as proof of the defendant's intent in a subsequent drug distribution prosecution. *See United States v. Smith*, 741 F.3d 1211, 1225-26 (11th Cir. 2013) (holding that the district court did not abuse its discretion in admitting, in a prosecution for narcotics distribution, evidence of the defendant's prior narcotics *possession* offenses); *United States v. Butler*, 102 F.3d 1296, 1310-12 (11th Cir. 1997) (holding that the defendant's prior *use* of drugs was relevant to his intent in a subsequent prosecution for conspiracy to possess with the intent to distribute narcotics). Notably, the Eleventh Circuit has allowed the admission of a prior drug offense in a subsequent prosecution for drug trafficking, even where the prior offense involved a different drug than the charged offense. *Calderon*, 127 F.3d 1314.

Here, again, the Defendant has pled not guilty—thus imposing on the Government the substantial burden of proving, not only that he knowingly possessed the drugs found in his house, but that he possessed them with the intent to distribute them. As both the Government and the defense have conceded at oral argument, this task will not be an easy one: All of the drugs were

hidden away in PVC pipes or in the false bottom of a paint can; the Defendant recently inherited the house from another family member; and the Defendant was only one of many people who had been seen entering, or leaving, the residence. For all of these reasons, the Defendant will have a substantial "mere presence" defense—making the prior drug trafficking convictions highly probative of both his knowledge and intent. *Cardenas*, 895 F.2d at 1344 ("Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance[.]") (quoting *United States v. Hitsman*, 604 F.2d 443, 448 (5th Cir. 1979) (internal quotation marks omitted)). Similarly, to the extent that the Defendant's position at trial is that his presence in a drug-filled house is little more than an accident, a coincidence, or a mistake, the prior convictions are permissible to show "absence of mistake[] or lack of accident." Fed. R. Evid. 404(b). Accordingly, the Court rejects the Defendant's suggestion that the Government's use of these prior convictions would constitute little more than inadmissible propensity evidence, [ECF No. 25, at 3], and finds that both convictions are highly probative of his knowledge and intent.

## 2.  Sufficient Proof

"It is elementary that a conviction is sufficient proof that [the defendant] committed the prior act." *Calderon*, 127 F.3d at 1332; *see also Delgado*, 56 F.3d at 1365 ("[T]he extrinsic act . . . involves a conviction: the second prong being met, we test only the first and third prongs.").

Here, the United States proposes to introduce the actual Judgment of Conviction for each of the two prior convictions it seeks to use. This is plainly sufficient to satisfy the second prong of the 404(b) test. As the Government concedes, however, the Judgment of the 2010 conviction contains a clerical error in that it suggests that the conviction was for cocaine trafficking when it was not. The Government hopes to remedy this error by offering up the testimony of the undercover agents who purchased marijuana from the Defendant in the lead-up to the 2010

conviction—presumably in an attempt to clarify that the conviction involved marijuana and not cocaine. But this testimony, which will no doubt be subject to cross examination and which may well require a recitation of the facts that led to the ultimate suppression of the cocaine, would serve only to overemphasize the prior conviction, confuse the issues, and turn what should be a short trial on a discrete moment in time into a protracted investigation into the Defendant's life of crime. This the Court will not allow. Accordingly, the Court will **SUSTAIN** the Defendant's objection to any evidence concerning the 2010 conviction.

### 3. Probative Value vs. Unfair Prejudice

"Factors to be considered [in analyzing the third prong of the 404(b) test] include whether it appeared at the commencement of trial that the defendant would contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." *Edouard*, 485 F.3d at 1345. All three factors weigh in favor of admission of the 2013 conviction here.

*First*, as noted, the Defendant has pled not guilty to the charged crimes and has thus forced the Government to prove both that he knowingly possessed the drugs and that he intended to distribute them.

*Second*, defense counsel conceded at oral argument that the 2013 conviction and the charged offense require proof of precisely the same elements with respect to precisely the same drug. Specifically, like the Defendant's 2013 conviction for cocaine trafficking, the charged offenses will require the Government to prove, among other things, both that the Defendant knowingly possessed the drugs and that he intended to distribute them. There is, to be sure, one difference between this case and the 2013 conviction—namely, that this case involves the possession of a stash of drugs, whereas the 2013 case stemmed from the Defendant's attempted

purchase of that stash. But this is a difference without any significance. After all, every drug dealer, before he can set up the possession of his stash, must first purchase that stash. And it would be an odd rule indeed that would prohibit the admission of a prior conviction solely because of the phase (purchase versus stash) in the drug dealer's process in which that conviction occurred. Put another way, had the Defendant not been arrested in the 2013 case, he would have taken the cocaine he was attempting to purchase, stored it, cut it up, and sold it for a profit. That, in this case, he was caught later on in his distribution process makes no difference at all.

*Third*, the 2013 conviction was only five years old when the Defendant committed the offenses charged in this Indictment. *See, e.g.*, *United States v. Patrick*, 536 F. App'x 840, 842 (11th Cir. 2013) (affirming admission of 18 year old armed robbery conviction in a felon-in-possession trial); *United States v. Gil*, 581 F. App'x 766, 772 (11th Cir. 2014) (affirming use of 17 year old conviction in a drug conspiracy); *United States v. Sawyer*, 361 F. App'x 96, 100 (11th Cir. 2010) (affirming use of 11 year old conviction); *United States v. Matthews*, 431 F.3d 1296, 1310-12 (11th Cir. 2005) (affirming introduction of 8 year old drug offenses in a drug conspiracy trial); *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (finding that, when it comes to the admission of a prior offense under Rule 404(b), 15 years was not too remote).

Finally, the Court notes that the risk of unfair prejudice in this case is minimal. Because the Defendant is separately charged with possession of a firearm by a convicted felon, the jury would already have heard that the Defendant is a convicted felon whose firearm rights have never been restored. And, although he will be prejudiced by the revelation that his prior conviction was for a crime that is similar to the crime with which he is charged here, that prejudice, the Eleventh Circuit has said, can be mitigated by the use of a proper limiting instruction. *See McNair*, 605 F.3d

8

at 1204 (explaining that a proper limiting instruction can adequately mitigate the risk of unfair prejudice that sometimes arises from the admission of Rule 404(b) evidence).

## CONCLUSION

For the reasons set out in Court and in this Order, the Defendant's Objections to the Government's Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) are **SUSTAINED in part and OVERRULED in part**. The Government may, consistent with this Order, introduce the 2013 conviction, though it may not introduce the 2010 conviction or any testimony or other evidence concerning the underlying facts of either conviction.[1]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of May, 2019.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[1] As the Court made clear at the Calendar Call, the Court will permit the Defendant to re-raise his objection to the 2013 conviction at the end of the Government's case. To preserve the Defendant's right to this objection, the Court hereby instructs both parties to refrain from any mention of, or allusion to, the 2013 conviction until the Defendant has had an opportunity, outside the presence of the jury, to re-raise his objection.